**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                              Case No. 3:20-cr-66-J-34MCR

PAUL EDWARD LEE, JR.

_____

**O R D E R**

      **THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Indictment and

Memorandum of Law (Doc. 25; Motion), filed on June 18, 2020.   The government filed a

response in opposition to the Motion on July 9, 2020.   See United States' Response in

Opposition to Defendant's Motion to Dismiss Indictment (Doc. 34; Response).

Accordingly, the Motion is ripe for review.

**I.     Background**

      On May 10, 2018, a federal grand jury returned an Indictment in a separate case

charging Defendant with one count of soliciting child pornography in violation of 18 U.S.C.

§ 2251(d)(1)(A) and (2)(B).   See United States v. Lee, Case No. 3:18-cr-87-J-34JBT

(2018 Case) (Doc. 16; 2018 Indictment).   The 2018 Case proceeded to a jury trial on

March 10, 2020, and the jury returned a verdict finding Defendant guilty as charged the

next day.   See 2018 Case (Doc. 77; Jury Verdict).   Approximately one month later, on

April 9, 2020, the Eleventh Circuit Court of Appeals held "that 18 U.S.C. § 2251(d)(1)—

and specifically, its prohibition against 'knowingly mak[ing] . . . any notice . . . seeking or

offering [child pornography]'—does not apply to a private text message sent from one

individual to another[,]" like the messages at issue in Defendant's 2018 Case.   See United

States v. Caniff, 955 F.3d 1183, 1192 (11th Cir. 2020).   Thereafter, on April 10, 2020,

Defendant filed a Renewed Motion for Judgment of Acquittal based on <u>Caniff</u>.   <u>See</u> 2018 Case (Doc. 80; Motion for JOA).   The government did not oppose the relief sought in the Motion for JOA.   <u>See</u> 2018 Case (Doc. 84; Response to Motion for JOA).   On May 14, 2020, the Court granted Defendant's Motion for JOA, set aside the guilty verdict, vacated the adjudication of guilt, and acquitted Defendant "of the single charge set forth in the [2018] Indictment."   <u>See</u> 2018 Case (Doc. 88; Order).

Following the acquittal on the charge in the 2018 Indictment, on May 7, 2020, a federal grand jury returned the Indictment (Doc. 10; 2020 Indictment) in this case, charging Defendant with one count of attempted online enticement to engage in illegal sexual activity in violation of 18 U.S.C. §§ 2422(b) and 2427 (Count One), and one count of attempted production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e).   The instant Motion followed on June 18, 2020.   <u>See</u> Motion.   Notably, before responding to the Motion, the government filed a request for leave to dismiss Count One of the 2020 Indictment, <u>see</u> United States' Unopposed Request for Leave to Dismiss Count One of Indictment (Doc. 30), which the Court granted on June 29, 2020, <u>see</u> Order (Doc. 32).   Thus, the only charge presently pending against Defendant in this case is attempted production of child pornography.

## II.   Discussion

In the Motion, Defendant sets forth four reasons why the Court should dismiss the Indictment in this case.   <u>See</u> Motion at 3.   First, Defendant argues that the 2020 Indictment violates his "right to due process and is an exercise in vindictive prosecution." <u>See</u> <u>id.</u>   In support of this argument, Defendant asserts that "[t]here is a strong appearance that the prosecutor and the [FBI] agent have a personal interest in this case."

Id.  As evidence of this "personal interest," Defendant states that the United States Attorneys' Office and the FBI issued press releases announcing Defendant's arrest and later his conviction, but failed to issue a press release announcing that the Court vacated Defendant's conviction following the Eleventh Circuit's decision in Caniff.  See id. at 3-4. Defendant also notes that "the complaining witness (the first witness at trial) is a fellow FBI agent."  Id. at 4.  Defendant contends that "[b]etween either seeking or allowing publicity about the case, without seeking publicity of the reversal, the government agents are acting in a wholly one-sided manner in communicating with the public (i.e., potential jurors). Additionally, given the fact that the first government witness is a fellow law enforcement officer, a reasonable observer would be concerned about the appearance of bias and prejudice in this case."  Id. at 4.  The Court finds these arguments to be unavailing. Indeed, Defendant cites no authority for the proposition that the government or its case agents are required to issue a press release after an acquittal or that failing to do so suggests prosecutorial vindictiveness.  Nor does Defendant offer any factual or legal support for his suggestion that the witness's employment with the FBI is the reason the government pursued the 2020 Indictment.[1]  Thus, the Court declines to dismiss the 2020 Indictment on the basis of prosecutorial vindictiveness.[2]

---

[1] As the government notes in its Response, Defendant may inquire of any "personal interest" of the FBI agents on cross-examination during trial.  See Response at 5.

[2] Defendant also argues that this case constitutes a vindictive prosecution because the government pursued "new, harsher chargers in retribution for making a proper legal argument" in the Motion for JOA.  See Motion at 5.  In support, Defendant asserts that, when combined, the charges in the 2020 Indictment carry a greater statutory penalty than the single charge in the 2018 Indictment.  See Motion at 5-6.  However, because the government has dismissed Count One of the 2020 Indictment, this argument is moot.  As Defendant acknowledges in his Motion, see Motion at 3 ¶ 8, the penalty for Count Two of the 2020 Indictment is the same as the penalty for the count charged in the 2018 Indictment.  As such, Defendant cannot reasonably argue that the charge in this case will result in a harsher penalty.  See United States v. Kendrick, 682 F.3d 974, 983 (11th Cir. 2012) (finding no presumption of vindictiveness where second indictment came after acquittal, rather than successful appeal, and did not seek heightened charges).

Next, Defendant contends that the 2020 Indictment "violates the Double Jeopardy provision of the United States Constitution." See Motion at 3.   Significantly, Defendant concedes that "these charges (both the 2018 and 2020 indictments) may technically pass the Blockburger[3] separate elements [test.]" Id. at 6 (underlining added).   Nevertheless, Defendant cites the Supreme Court's decision in Gamble v United States, 139 S. Ct. 1960, 1965 (2019), arguing that the 2020 Indictment should be dismissed because "the 'offense[s]' charged in the 2020 indictment are the same transgression of law as the 2018 indictment that has been properly dismissed." Id. at 7.   Defendant states that "[t]he similarities include: same sovereign (The United States of America)[;] the same prosecutor and case agent[;] the same evidence and witnesses[;] the same time period[; and] the same location." Id. at 7.   In making this argument, Defendant points to the Gamble Court's emphasis that the Double Jeopardy Clause "protects individuals from being twice put in jeopardy 'for the same offence,' not for the same conduct or actions." Gamble, 139 S. Ct. at 1965 (internal citation and quotation marks omitted) (emphasis in original). However, to determine whether an individual is being twice put in jeopardy for the same offense, the Court must "examine whether each of the offenses requires proof of a fact that the others do not" pursuant to Blockburger, see United States v. Almonte-Nunez, 963 F.3d 58, 69 (1st Cir. 2020), and Defendant has conceded that they do.[4]   Thus, although Defendant is being tried for the same conduct charged in the 2018 Indictment, Defendant

---

[3] Blockburger v. United States, 284 U.S. 299, 304 (1932).
[4] Among other differences, attempted production of child pornography does not require that a defendant knowingly made, printed or published, or caused to be made, printed or published, any notice.   See 18 U.S.C. § 2251(a) & (d).

is not being tried for the same <u>offense</u>.[5]   As such, the Motion is due to be denied on the basis of double jeopardy.

Third, Defendant argues that the 2020 Indictment "is multiplicitous, both as it relates to the first indictment and to the counts charged in the second indictment."   <u>See</u> Motion at 3.   "An indictment is multiplicitous if it charges a single offense in more than one count."   <u>United States v. Williams</u>, 527 F.3d 1235, 1241 (11th Cir. 2008) (citation omitted). Because the 2020 Indictment now consists of only one count, Defendant's argument that it is multiplicitous is without merit.

Finally, Defendant asserts that the 2020 Indictment "violates the United States Department of Justice <u>Petite</u>[6] Policy."   <u>See</u> Motion at 3.   Promulgated by the Department of Justice, the <u>Petite</u> policy "establishes guidelines for the exercise of discretion by appropriate officers of the Department of Justice in determining whether to bring a federal prosecution based on substantially the same act(s) or transactions involved in a prior state or federal proceeding."   <u>See</u> U.S. Attorneys' Manual § 9-2.031 (citing <u>Rinaldi v. United States</u>, 434 U.S. 22, 27 (1977)).   Importantly, as Defendant acknowledges, <u>see</u> Motion at 8, the <u>Petite</u> policy does not confer substantive rights upon him.   Indeed, the Eleventh Circuit has "repeatedly refused to enforce that policy by dismissing an indictment; the practice of avoiding dual prosecution sets only an internal guideline for the Justice Department."   <u>United States v. Hyder</u>, 732 F.2d 841, 843 n.3 (11th Cir. 1984) (citing

---

[5] The Court also notes that <u>Gamble</u> does not otherwise support Defendant's argument regarding double jeopardy.   In <u>Gamble</u>, the Court reaffirmed that the dual-sovereignty doctrine permits a state to "prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute."   <u>Gamble</u>, 139 S. Ct. at 1964.   This is because "where there are two sovereigns, there are two laws, and two 'offences.'"   <u>Id.</u> at 1965. Thus, <u>Gamble</u> has little applicability in this case, where there is no prior state prosecution.

[6] The policy is named for <u>Petite v. United States</u>, 361 U.S. 529 (1960), in which the Supreme Court first recognized it.

United States v. McInnis, 601 F.2d 1319, 1323 (5th Cir. 1979)); see also United States v. Beard, 41 F.3d 1486, 1489 (11th Cir. 1995) (stating that the "Department of Justice's policy of refraining from multiple prosecutions for essentially the same conduct . . . is an internal policy which confers no enforceable rights on a criminal defendant") (citation omitted). For all of these reasons, Defendant's Motion is due to be denied.

Accordingly, it is **ORDERED**:

Defendant's Motion to Dismiss Indictment and Memorandum of Law (Doc. 25) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on August 31, 2020.

**MARCIA MORALES HOWARD**
United States District Judge

lc23
Copies to:
Counsel of Record